IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RONALD J. MOON | : | NO. 00-28 |

MEMORANDUM AND ORDER

McLaughlin, J.                                                July 22, 2008

     Ronald J. Moon was convicted of four counts of bank robbery and one count of attempted bank robbery in July of 2000. On October 20, 2000, the defendant was sentenced to one hundred thirty-six months imprisonment, three years of supervised release, and a $500.00 special assessment. The defendant was also ordered to pay restitution in the amount of $8,344. The defendant filed a direct appeal arguing that there was insufficient evidence to support the jury's verdict. The Court of Appeals affirmed the conviction on October 17, 2001.

     The defendant then filed three motions under 28 U.S.C. § 2255. The Honorable Jay C. Waldman dismissed two of the those motions, one filed on October 16, 2002, and one filed on November 25, 2002, for procedural reasons and the third motion, filed on October 30, 2003, for untimeliness. In 2007, the Court of Appeals reversed the District Court's dismissal of the two § 2255 petitions filed in 2002, and remanded the case for consideration on the merits.

In the two remanded petitions, the defendant claims that his counsel's performance fell below constitutional standards in four ways: (1) he failed to present a defense of government misconduct; (2) he did not present a fingerprint expert; (3) he failed to present evidence showing that another person had been arrested for the same crime the defendant was charged with in count two of the indictment; and, (4) he did not pursue a pro se motion filed by the defendant to dismiss the indictment based on the government's lack of jurisdiction.

The case was reassigned to this Court on June 4, 2007. On July 13, 2007, the Court ordered that it would conduct an evidentiary hearing with respect to ground two of the petition: "Whether Movant Moon was deprived of effective assistance of counsel under constitutional standards when trial counsel did not present an expert witness in the field of latent prints to testify." The Court appointed counsel for the defendant. The Court held the evidentiary hearing on January 25, 2008, and oral argument on the whole petition on July 20, 2008.

I.  Findings of Fact

Christopher D. Warren was trial counsel for Mr. Moon. He was appointed to represent Mr. Moon under the CJA Act in about May 2000 because there was a conflict between Mr. Moon and his prior counsel, Rossman Thompson of the Federal Defenders' Office.

2

Mr. Warren filed an uncontested motion for a continuance on June 1, 2000, and obtained a one month continuance of the trial. He did not file a motion for another continuance. Mr. Warren met with Mr. Thompson on May 26, 2000, at the Defenders' Office at 5th and Chestnut Streets in Philadelphia. Mr. Thompson told Mr. Warren that his office had submitted the FBI report and the fingerprint analysis to their own expert and their expert had concluded that the prints did belong to Mr. Moon. Mr. Warren, therefore, did not get the expert witness' name from Mr. Thompson, nor did he contact the expert witness.

Mr. Warren specifically discussed with Mr. Moon his conversation with Mr. Thompson and told the defendant that he was not going to try to obtain a fingerprint expert in view of the fact that the defender's expert determined that the fingerprints were Mr. Moon's. Mr. Warren told Mr. Moon that he was going to attack the fingerprint evidence by challenging the reliability of fingerprint evidence in general. This issue was being litigated under Daubert by the Federal Defenders' Office during this time period.

II. Discussion

Whether or not counsel will be considered "ineffective" for habeas purposes is governed by the two-part test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668

3

(1984). Under <u>Strickland</u>, the defendant must prove that (1) counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different. <u>Id.</u> at 687-96; <u>see also</u> <u>United States v. Nino</u>, 878 F.2d 101 (3d Cir. 1989).

In evaluating the first prong, a Court must be "highly deferential" to counsel's decision and there is a "strong presumption" that counsel's performance was reasonable. <u>United States v. Kauffman</u>, 109 F.3d 186 (3d Cir. 1997)(citing <u>Strickland</u>). Counsel must have wide latitude in making tactical decisions. <u>Strickland</u>, 466 U.S. at 689. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. <u>United States v. Gray</u>, 878 F.2d 702 (3d Cir. 1989).

The conduct of counsel should be evaluated on the facts of the particular case, viewed as of the time of the conduct. <u>Strickland</u>, 466 U.S at 690. The Third Circuit, quoting <u>Strickland</u>, has cautioned that: the range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's strategic decisions from the superior vantage point of hindsight. <u>Gray,</u> 878 F.2d at 711.

4

For the second prong, the courts have defined a "reasonable probability" as one which is sufficient to undermine confidence in the outcome. <u>Strickland</u>, 466 U.S. at 694. Put another way, whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt. The effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial.

1. The defendant's claim that his trial counsel was ineffective for failing to present a defense of FBI misconduct is without merit. The alleged government misconduct involves the showing of photographs to Mr. Moon's parents. FBI agents interviewed his parents and one of the agents handwrote on the back of the flyer that the individual in one of the photographs was the defendant. FBI agents reported that each of Mr. Moon's parents signed the back of the flyer indicating their agreement with this statement. Mr. Moon claims that his parents did not sign the flyer or identify him in the wanted flyer and that the FBI agents manufactured the evidence.

The government did not introduce his parents' statements or signatures at trial. The surveillance photograph that the FBI agent said that Mr. Moon's parents identified was not from one of the charged robberies. It was from an additional bank robbery that occurred on a different date.

5

The defendant cannot show either deficient performance or prejudice in connection with this claim. Whether to pursue a particular argument is within the realm of strategic decisions to be made by trial counsel. To overcome the presumption that counsel's actions were within the objective standard of reasonableness, a defendant must show that the defense decision was unsound.

Mr. Warren's choosing not to pursue a government misconduct defense under these circumstances was a sound strategic decision. There were not positive eye witness identifications of the defendant in any of the charged bank robberies. The intent of counsel was to argue the significance of the lack of identification evidence. Mr. Warren argued the lack of identification evidence in both his opening and his closing. It would have been extremely risky to introduce evidence of the parents' identification even in order to challenge it in a case where there were no eyewitness identifications of the defendant. In any event, the grand jury testimony relating to the uncharged robbery reflects testimony by Mr. Moon's parents that they did sign the photograph.

2. Nor was trial counsel ineffective for not pursuing a fingerprint expert. Fingerprint evidence was an important part of the government's case. At trial, the government introduced the handwritten demand notes used in each of the five robberies.

6

There was expert evidence that Mr. Moon's fingerprints were found on two of these notes.

When Mr. Warren took over Mr. Moon's representation from the Federal Defenders' Office, he met with former counsel, Rossman Thompson, who told him that his office had submitted the FBI report and fingerprint analysis to a defense expert who determined that the prints were Mr. Moon's. It was perfectly reasonable for Mr. Warren to rely on Mr. Thompson's statements and, on that basis, not to pursue another fingerprint expert.

This analysis is not affected by Mr. Moon's contentions concerning John Balshy. Mr. Moon alleges that his original attorneys from the Federal Defenders' Office had retained an expert, John Balshy, to examine the fingerprint comparisons in this case prior to trial. In connection with the § 2255 petition, the government and Mr. Moon agreed on the following stipulation with respect to John Balshy.

1.  Mr. John Balshy is a retired fingerprint examiner.

2.  Mr. Balshy has a home office at 20 South Lingle Avenue, Palmyra, Pennsylvania 17078.

3.  Mr. Balshy retired about 3 - 4 years ago due to an ongoing medical condition.

4.  Mr. Balshy does not remember if he was retained in the above-captioned matter.

5.  Mr. Balshy does not remember working with attorney Rossman Thompson is the above-captioned matter.

6. Mr. Balshy has no recollection of examining the fingerprints in the above-captioned matter.

7. Mr. Balshy has no files or records regarding the above-captioned matter.

8. Mr. Balshy is 77 years old and believes that both his age and current medical condition has affected his memory.

The fact that Mr. Balshy does not remember examining the fingerprints in this case does not undermine Mr. Warren's testimony. In any event, the decision whether or not to call a particular expert witness is generally a matter of trial tactics within the range of a reasonable attorney's performance. Finally, the defendant has not shown prejudice. He was given the latent prints in connection with the § 2255 petition and never argued that they were not his.

3. The third basis upon which Mr. Moon claims ineffectiveness of counsel is his attorney's failure to call witnesses to testify that a different person was initially arrested for the crimes for which Mr. Moon was charged and that a police officer had identified that other person as the robber from the surveillance photograph. Mr. Moon's claim fails because these facts were elicited before the jury.

4. Finally, there is no merit to Mr. Moon's claim that his counsel was ineffective for failing to move the Court to rule on a pro se motion to dismiss that defendant submitted before trial. This claim is without merit for two reasons.

First, the Court did rule on the motion. Secondly, the motion had no merit. Under 18 U.S.C. § 2113(f), a bank is defined as "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." The statute does not specify the types of losses against which a bank must be insured. The defendant's challenge was apparently based upon a letter he received from an FDIC attorney stating that the FDIC does not insure banks against robbery. The statute requires only that the deposits of the bank be insured by the FDIC, not that they be insured as to any specific type of loss.

There is no basis for a certificate of appealability. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| RONALD J. Moon | : | NO. 00-28 |

<u>ORDER</u>

AND NOW, this 22nd day of July, 2008, upon consideration of defendant's motion to vacate (Docket No. 70), the government's opposition, the defendant's reply thereto, and after oral argument on July 10, 2008, IT IS HEREBY ORDERED that said motion is DENIED for the reasons stated in a memorandum of today's date.  IT IS FURTHER ORDERED that a certificate of appealability is denied because the defendant has not made a substantial showing of the denial of a constitutional right.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN

cc: MAILED
    R. Moon

FILED
JUL 23 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk